1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   KEITH DARNELL DENEGAL,                ) Case No.: 1:14-cv-01410-DAD-SAB (PC)
                                           )
12            Plaintiff,                    )
                                           ) ORDER DENYING PLAINTIFF'S MOTION FOR
13       v.                                 ) APPOINTMENT OF COUNSEL, WITHOUT
                                           ) PREJUDICE
14   P.D. BRAZELTON,                        )
                                           ) [ECF No. 29]
15            Defendant.                    )
                                           )
16   _____ )

17        Plaintiff Keith Darnell Denegal is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19        On February 1, 2016, Plaintiff filed a motion for the appointment of counsel.

20        Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

21   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

22   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

23   District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court

24   may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at

25   1525.

26        Without a reasonable method of securing and compensating counsel, the court will seek

27   volunteer counsel only in the most serious and exceptional cases.  In determining whether

28   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

                                              1

1   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

2   legal issues involved." Id. (internal quotation marks and citations omitted).

3         The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood

4   of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the

5   complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

6   1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most

7   prisoners, such as lack of legal education and limited law library access, do not establish exceptional

8   circumstances that would warrant a request for voluntary assistance of counsel. In the present case,

9   the Court does not find extraordinary circumstances to warrant appointment of counsel. While a pro

10  se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as

11  Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter,"

12  the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v.

13  Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district

14  court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-

15  particularly in the realm of discovery and the securing of expert testimony.") Plaintiff is proceeding

16  on a First Amendment claim against Defendant Brazelton, and Plaintiff has been able to articulate his

17  claims and litigate this action. Accordingly, Plaintiff's motion for appointment of counsel will be

18  DENIED without prejudice.

19

20  IT IS SO ORDERED.

21  Dated:   **February 3, 2016**

22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

2